In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Two (2) Billboards Located on T. R. 209, etc. Northeast Outdoor Advertising, Inc., Appellant.

Argued June 7, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Ira. G. Barrows,* for appellant.

*Scott M. Olin,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, November 5, 1982:

This is an appeal from an order of the Court of Common Pleas of Schuylkill County which sustained preliminary objections to a Petition for Appointment of Board of Viewers filed by Northeast Outdoor Advertising, Inc. (Northeast). We affirm.

On October 31, 1978, Northeast filed a Petition for Appointment of Board of Viewers with the court of common pleas pursuant to Section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502, which authorizes the filing of such petitions where a de facto compensable injury has been suffered without filing

a formal declaration of taking. In this petition, Northeast alleged that the Pennsylvania Department of Transportation (D.O.T.) had torn down two Northeast billboards located next to Route 209 in Schuylkill County without compensating Northeast, and accordingly requested the appointment of a Board of Viewers to "ascertain the damages due the Plaintiff pursuant to the Eminent Domain Code for said taking." In response to this petition, D.O.T. filed preliminary objections alleging, *inter alia,* that Northeast's injury was non-compensable. The parties subsequently submitted certain stipulations and depositions to the court of common pleas for the purpose of ruling on the preliminary objections. In these depositions, it was revealed that D.O.T. had made, and Northeast had accepted, an offer to purchase the billboards in question pursuant to the provisions of Section 9 of the Outdoor Advertising Control Act of 1971, Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. §2718.109, in January of 1977, but that D.O.T. had subsequently refused to pay the compensation, and had removed the billboards, when a survey indicated that they were illegally located in the right of way of Route 209. To establish that the billboards were located in the right of way of Route 209, D.O.T. deposed Joseph P. Nemchik, the professional engineer who had conducted the survey. Northeast, for its part, deposed its president, Francis J. O'Keefe, who testified that his measurements indicated that the billboards were located one foot outside of the right of way. After evaluating this evidence, the court of common pleas concluded that the billboards had been illegally located on property owned by the Commonwealth, and accordingly dismissed the petition for appointment of a Board of Viewers. The present appeal followed.

Before this Court, Northeast simply alleges that the removal of the billboards constituted a "de facto

condemnation'' that is compensable under the Code. We disagree.

We have recognized that a governmental entity's interference with an individual's property rights can in certain circumstances be so substantial that it can constitute a de facto taking even though the power of eminent domain is not formally exercised. *Commonwealth's Crosstown Expressway Appeal,* 3 Pa. Commonwealth Ct. 1, 281 A.2d 909 (1971); *Hazleton Redevelopment Authority v. Hudock,* 2 Pa. Commonwealth Ct. 670, 281 A.2d 914 (1971). It is axiomatic, however, that in order to assert the right of a condemnee, the party must be an owner of a property interest taken. Section 201 of the Code, 26 P.S. §1-201 (2); *Rednor & Kline, Inc. v. Department of Highways,* 413 Pa. 119, 196 A.2d 355 (1964).

Here, the court of common pleas found, based on substantial evidence of record, that Northeast had illegally placed its billboards on property owned by the Commonwealth, and Northeast does not allege here that it acquired any property rights by adverse possession. Accordingly, it is clear that the Commonwealth, as the owner of the property, had the right to remove the unauthorized billboards, and that Northeast had no compensable interest.

Northeast also raises an estoppel argument here, contending that the Commonwealth is estopped from denying that Northeast has a compensable property right since, when on a prior occasion the billboards had been inadvertently knocked down by an unknown agent, the Commonwealth had informed Northeast that it would not purchase the billboards pursuant to the provisions of the Outdoor Advertising Control Act of 1971 unless the billboards were reconstructed. Northeast would characterize this as a false representation which it relied upon when it subsequently decided to reconstruct the billboards.

An essential element of estoppel is the intent of the party sought to be estopped to induce the party who asserts the estoppel to believe certain facts to exist. *Sabino v. Junio,* 441 Pa. 222, 272 A.2d 508 (1971); *In re: Estate of Tallarico,* 425 Pa. 280, 228 A.2d 736 (1967). Here, it is clear (1) that the Commonwealth had no knowledge that the billboards were located on its property until it conducted its survey, and (2) that the Commonwealth did not make any representations with the intent of inducing Northeast to reconstruct the billboards. On the latter point, it is obvious that the Commonwealth was simply informing Northeast that it would not use its highway beautification funds to purchase billboards which had already been demolished.

Accordingly, we affirm.

ORDER

Now, November 5, 1982, the order of the Court of Common Pleas of Schuylkill County dated May 19, 1980, and docketed to No. S-1882-78, is affirmed.