# United States Court of Appeals
## For the First Circuit

No. 04-2234

IN  RE  CARL J. HANNIGAN,
Debtor,

CARL J. HANNIGAN,
Appellant,

v.

ROBERT R. WHITE,
Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

Thomas M. Bovenzi with whom James M. Donovan and Bovenzi & Donovan were on brief for appellant.
Robert White with whom Levy & White was on brief for appellee.

June 2, 2005

**CAMPBELL**, <u>Senior Circuit Judge</u>.  Carl J. Hannigan (the "Debtor") filed a voluntary Chapter 7 petition at the age of 69. On Schedule A - Real Property - he listed his ownership interest in a single-family dwelling at 106 Haynes Road, Townsend, Massachusetts, indicating that the market value of the property was $135,000.  On Schedule C - Property Claimed as Exempt - he claimed a Massachusetts homestead exemption under Mass. Gen. Laws ch. 188, § 1A[1] for the same real estate in the amount of $135,000.

In the course of the bankruptcy proceedings, the Debtor filed a motion to amend his homestead exemption from $135,000, as previously claimed in respect to that property in his Chapter 7 petition, to "the value of the property to the extent of $300,000.00," the full amount allowed under Mass. Gen. Laws ch. 188, § 1A.  The bankruptcy court denied the motion on the ground that the Debtor had intentionally undervalued his property, which consisted of a 1.36-acre house parcel ("House Parcel") and an adjoining, 33-acre parcel ("Back Parcel"), and that doing so in this case "amount[ed] to bad faith."  The district court affirmed,

---

[1]Mass. Gen. Laws ch. 188, § 1A (2004) provides in pertinent part:

> The real property . . . of persons sixty-two years of age or older . . . shall be protected against attachment, seizure or execution of judgment to the extent of $300,000; provided, however, that such person has filed an elderly . . . declaration of homestead protection as provided in section two; and, provided further, that such person occupies or intends to occupy such real property . . . as his principal residence.

see Hannigan v. White, No. 03-40232 (D. Mass. Aug. 3, 2004), and this appeal followed.

Rule 1009(a) of the Federal Rules of Bankruptcy Procedure permits a debtor to amend a schedule "as a matter of course at any time before the case is closed." However, a bankruptcy court has discretion to deny the amendment of exemptions where the amendment would prejudice creditors or where the debtor has acted in bad faith or concealed assets. See, e.g., Kaelin v. Bassett (In re Kaelin), 308 F.3d 885, 888 (8th Cir. 2002); Doan v. Hudgins (In re Doan), 672 F.2d 831, 833 (11th Cir. 1982); Snyder v. Rockland Trust Co. (In re Synder), 279 B.R. 1, 5 (B.A.P. 1st Cir. 2002). Courts have held that it is permissible to deny an amendment where the debtors had intentionally undervalued their home in bad faith. See, e.g., Bauer v. Iannacone (In re Bauer), 298 B.R. 353, 357 (B.A.P. 8th Cir. 2003); In re Rolland, 317 B.R. 402, 415-16 (Bankr. C.D. Cal. 2004).

The Debtor challenges the bankruptcy court's finding that he intentionally and in bad faith undervalued his property. In passing on the Debtor's appeal, we give no actual deference to the district court's review of the bankruptcy court's decision, although we of course may consider it for its persuasive value. HSBC Bank USA v. Branch (In re Bank of New England Corp.), 364 F.3d 355, 361 (1st Cir. 2004). Instead, we directly review the decision of the bankruptcy court, examining its legal conclusions de novo

and its factual findings for clear error. Id. The question of a debtor's intent is a question of fact reviewed under the clearly erroneous standard. See Smith v. Grondin (In re Grondin), 232 B.R. 274, 277 (B.A.P. 1st Cir. 1999).

The bankruptcy court relied on the following facts to support the inference that "the Debtor's intentional undervaluing of the Property in this case amounts to bad faith":

> [T]he Section 341 meeting [of the creditors] was suspended by the Trustee for the specific purpose of the Debtor's providing the Trustee with an accurate appraisal of the Property. This suspension occurred after [the Debtor's only creditor] questioned the Debtor about whether the values he listed on Schedule A and Schedule C included both the House Parcel and the Back Parcel, or just the House Parcel. Thus, the Debtor should have been aware of exactly what information the Trustee was seeking and, in fact, the Debtor testified on cross-examination that he knew as he left the Section 341 meeting that the Trustee wanted to know the value of both the House Parcel and the Back Parcel. Accordingly, the Debtor and his counsel cannot credibly assert that they did not know that they were supposed to provide an appraisal for the entire Property.
>
> Nevertheless, the assessment provided by the Town of Townsend and submitted by Debtor's counsel only included the House Parcel. This submission appears even more deceitful on the part of the Debtor given that the assessment indicates that it is for "106 Haynes Road," a description which, when used by the Town of Townsend, meant only the House Parcel but when used by the Debtor on his schedules was intended to encompass the entire 34.36 acre property. The Debtor testified that he knew [] that the information provided to the Trustee was not what she had requested and yet did nothing to fix the problem or even bring it to the Trustee's attention. Therefore, the Court concludes that the Debtor intentionally undervalued the Property in documentation submitted to the Trustee.

A finding is "clearly erroneous" even if there is evidence to support it when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). Our review of the record fails to convince us that the bankruptcy court's finding that the Debtor's intentional undervaluing of the property amounts to bad faith was clearly erroneous.

The Debtor argues that the undervaluing of the property cannot constitute bad faith as a matter of law because the undervaluing was not "material," i.e., "the purported act of bad faith [lacked] some logical connection with the consequential facts." According to the Debtor, the amount of the homestead exemption under Mass. Gen. Laws ch. 188, § 1A "automatically increases to the statutory maximum as the property appreciates over time." This shows, the Debtor contends, that the undervaluation, which was well below the statutory maximum, must have been innocent and unintentional since it served no purpose beneficial to himself.

While it may well be true, under Massachusetts law, that a homeowner can claim the value of the property, which may increase with time, to the extent of the statutory maximum, federal bankruptcy law nonetheless requires a debtor to state the true value of his property at the time he files his petition. See Grogan v. Garner, 498 U.S. 279, 287 (1991) (noting that the opportunity for a "fresh start" under the Bankruptcy Code is for

-5-

the "honest but unfortunate debtor").  A bankruptcy court is entitled to insist upon filings and representations made in utmost good faith.

The circumstances here strongly suggested some attempt, even if quite misguided, at continued, deliberate exclusion of the value of the Back Parcel from the overall valuation of the Debtor's real estate.  The Debtor may have feared that the Back Parcel was not entitled to the homestead exemption or that its value would bring the property's total value above the $300,000 limit.[2]  He may have simply misunderstood where his better interests lay.  That falsification was not actually in his interest was certainly a relevant fact in determining his likely intention, but so also were the facts that the Debtor plainly knew what information was wanted, knew that what he provided was not that information (and was misleading on its face as to the land included), and kept from those involved the information they desired.[3]  This is not to say

---

[2]We note that one of the subsequent appraisals of the House Parcel and the Back Parcel would result in a total value of $865,000, well in excess of the $300,000 exemption.  The other two appraisals indicated a total value below the exemption.

[3]The Debtor has not cited any case indicating that an intentional undervaluing of property must be of a "material" nature, i.e., must necessarily work to the Debtor's actual advantage, before a court can deny an amendment.  Two of the cases cited by the Debtor for the proposition do not address the issue of so-called materiality.  See In re Doan, 672 F.2d at 833-34 (debtor's action did not show intentional or fraudulent concealment); Kobaly v. Slone (In re Kobaly), 142 B.R. 743, 749 (Bankr. W.D. Pa. 1992) (evidence was not sufficient to support inference that debtor attempted to conceal asset).  The third case,

that mere carelessness or oversight would be sufficient to show bad faith or concealment.  But bad faith may encompass intentional misconduct that, in retrospect, was not in the actor's best interest.  For example, in In re Bauer, the bankruptcy appellate panel held that the bankruptcy court did not err in finding bad faith and denying the debtors' amended claim of exemption where the debtors had substantially undervalued their home in the schedules to reflect no equity.  298 B.R. at 357.  The court noted the "irony" -- "if the Debtors had accurately disclosed the true value of their home from the outset, they may have been entitled to exempt their equity in it."  Id.  Instead, the "[b]ad faith" undervaluation "cost the Debtors the equity in their home."  Id.  See also Hannigan v. White, No. 03-40232 (D. Mass. Aug. 3, 2004) (the district court's extended and thoughtful analysis of the circumstances here).

On this record, we cannot say the bankruptcy court committed clear error in inferring, in all the circumstances, that the Debtor had intentionally undervalued the property, and in refusing to permit him to amend his claimed homestead exemption as a sanction for what the court concluded "amount[ed] to bad faith."[4]

Peoples Bank v. Colburn (In re Colburn), 145 B.R. 851 (Bankr. E.D. Va. 1992), involves the denial of a general discharge of a Chapter 7 debtor's debt, and not the denial of an amendment of exemptions pursuant to Fed. R. Bankr. P. 1009(a).

[4]The appellee did not file an appeal from the bankruptcy court or the district court's orders.  Hence we do not consider his

**Affirmed**.

_____

arguments that the homestead exemption does not apply to pre-existing debts under Mass. Gen. Laws ch. 188, § 1A or that he has a consensual lien.