In re Lawrence R. JORDAN, Michelyn Murphy Jordan, Debtors.

No. 9:04–bk–20343–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Nov. 18, 2005.

Richard J. Hollander, Miller & Hollander, Naples, FL, William G. Whitcomb, Fort Myers, FL, for Debtors.

Diane L. Jensen, Fort Myers, FL, pro se.

**_ORDER ON TRUSTEE'S SECOND AMENDED OBJECTION TO CLAIM OF EXEMPTION, DEBTOR'S MOTION FOR SUMMARY JUDGMENT, AND TRUSTEE'S MOTION FOR SUMMARY JUDGMENT_**

(Doc. Nos. 39, 95, and 97)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in this Chapter 7 liquidation case of Lawrence R. Jordan and Michelyn Murphy Jordan (Debtors) are (1) Trustee's Second Amended Objection to Claim of Exemption (Doc. No. 39), filed by Diane L. Jensen (Trustee); (2) the Debtor's Motion for Summary Judgment (Doc. No. 95), filed by the Debtors; and (3) the Trustee's Motion for Summary Judgment (Doc. No. 97). In due course, both Motions were scheduled and this Court heard oral arguments by counsel for the parties. Having considered relevant portions of the record, this Court now finds as follows.

On October 19, 2004, the Debtors filed their joint Petition for Relief under Chapter 7 and filed, with the Petition, the documents required by Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Debtors, in their original Schedule C, claimed as their homestead the property located at 1323 SW 47th Terrace, Cape Coral, Florida (Cape Coral Property). On their Schedule of Assets the Debtors failed to schedule the property located at 3181

Aloe St., Punta Gorda, Florida (Punta Gorda Property) and further failed to disclose any ownership interest in this property. In response to question 14 on their Statement of Financial Affairs which requires the Debtors to list property that they use or control that is owned by another person, the Debtors stated that they were living in their family's home and using their family's car. The Debtors testified at the Meeting of Creditors held pursuant to Section 341 of the Code that they were leasing the Punta Gorda Property from their sister-in-law, but evidence surfaced later showing that they were, in fact, owners of the Punta Gorda Property. To further muddy the water, Ms. Jordan signed a contract to purchase the Punta Gorda Property in the name of Michelyn Murphy Jordan and took title to the property in the name of Michel Murphy Jordan, rather than the name she used in her Bankruptcy Petition. In addition Ms. Jordan used a different social security number than the one used in this case.

The record further reveals that on May 17, 2005, the Trustee filed a Motion to Turnover Property (Doc. No. 21) and on May 18, 2005, filed a Notice of *Lis Pendens* (Doc. No. 22) in the public records in Charlotte County, Florida, the location of the Punta Gorda Property. On June 17, 2005, the Debtors filed their amendment to Schedules D and F (Doc. No. 30) and Schedules A, B, C, Statement of Financial Affairs and Statement of Intentions (Doc. No. 31). Debtors listed the Punta Gorda Property on Schedule C as exempt homestead property. On June 22, 2005, the Trustee filed an Objection to Amended Claim of Exemption (Doc. No. 32) arguing that the Punta Gorda Property should not be exempt because it was concealed by the Debtors. On June 27, 2005, the Debtors filed their Response to Trustee's Objection to Amended Claim of Exemption (Doc. No. 33) arguing that the Trustee's objection

was insufficient to overcome the claim of exemption. On June 28, 2005, Trustee filed an Amended Objection to Amended Claim of Exemption (Doc. No. 35) arguing that the Punta Gorda Property should not be exempted because of Debtors concealed the property and amended their claim to add the property in bad faith. On July 1, 2005, Trustee filed a Second Amended Objection to Claim of Exemption (Doc. No. 39), this time only arguing that Debtors could not claim the Punta Gorda Property as their homestead exemption since they had already claimed the Cape Coral Property as such, without mention of her previous assertions of concealment and bad faith.

On August 17, 2005, the Debtor filed a Motion for Summary Judgment (Doc. No. 73) concerning the Trustee's Amended Objection to Debtor's Claim of Exemption, claiming the Punta Gorda Property for the first time as their exempt homestead asset. On September 26, 2005, this Court, having found disputed facts which prevent the disposition by summary judgment, entered an Order denying Debtor's Motion for Summary Judgment (Doc. No. 85) relating to Trustee's Second Amended Objection to Debtor's Claim of Exemption (Doc. No. 39). In its Order, this Court found that the Trustee's only objection to the claim of exemption was based on the grounds that the Debtors were claiming two separate properties as exempt which, of course, was not correct because by virtue of the Amendment to Schedule C, the Debtors were claiming the Punta Gorda Property and not the Cape Coral Property as their homestead.

During the oral argument on the Motion for Summary Judgment (Doc. No. 73), evidence developed that, if proven, may provide alternative grounds to challenge the claim of exemptions. In turn, that would put at issue (1) whether the Punta Gorda

Property, which is now claimed as the Debtors' homestead, qualifies for the Constitutional Protection afforded to homestead in Florida; and (2) even if the Punta Gorda Property qualifies for homestead exemption, whether the Debtors forfeited the claim of exemption or their ability to amend their schedules based on their conduct as intimated, although not fully articulated by the Trustee in her Affidavit.

On October 15, 2005, the Debtors filed their second Motion for Summary Judgment (Doc. No. 95) relating to Trustee's Objection to Debtor's Claim of Exemption involving the Punta Gorda property (Doc. No. 32), Debtors' Response to Trustee's Objection to Amended Claim of Exemption (Doc. No. 33), and Trustee's Second Amended Objection to Debtor's Claim of Exemption (Doc. No. 39). On October 17, 2005, the Trustee filed her Motion for Summary Judgment (Doc. 97).

Based on the foregoing undisputed facts, both parties contend they are entitled to summary judgment in their respective favor, as a matter of law, since there are no genuine issues of material fact which would prevent a summary disposition of the issues raised by the parties.

The convoluted record in this case is a classic paradigm on how not to present issues in a clear cut fashion or put the discreet controlling issues before the Court in a concise and understandable manner. What is currently before this Court is generated by the Debtor's amendment of his Schedule C. The Trustee never filed a Motion to Strike the Amended Schedules. Instead, the Trustee filed an Objection to Amended Claim of Exemption and then amended that objection twice. The second version filed on June 28, 2005, was the only version in which she asserted a basis of bad faith for not allowing the exemption. Notwithstanding the foregoing, it is now clear that the major thrust of the Trustee's argument that the Debtors forfeited their rights to claim the exemptions hinges on the validity of the amendment filed by the Debtors in which the Debtors are claiming the Punta Gorda Property as exempt.

The Debtors' argument in opposition to the Trustee's Motion is based on self evident truism that Florida homestead is not subject to claims other than the claims specified in the Constitution itself, citing *Havoco of America v. Hill*, 255 F.3d 1321 (11th Cir.2001). Clearly, this reliance of the Debtors on *Havoco* is misplaced because the matter before this Court involves not the application of *Havoco* to the facts presented here, but instead the question of whether or not the Amended Claim of Exemption by the Debtors shall be permitted to stand notwithstanding the Trustee's failure to file a Motion to Strike the Amendment.

In Support of her Motion for Summary Judgment, the Trustee cites the following cases: *In re Hannigan*, 409 F.3d 480 (1st Cir.2005), *In re Bauer*, 298 B.R. 353 (8th Cir. BAP 2003), *In re Talmo*, 185 B.R. 637 (Bankr.S.D.Fla.1995), *Doan v. Hudgins*, 672 F.2d 831 (11th Cir.1982), and *In re Walton Hotel Co.*, 116 F.2d 110 (7th Cir. 1940). Of these cases, *Bauer* and *Talmo* most resemble the facts in the instant case. In *Bauer*, the trustee objected to the exemption claimed by the debtors in their amended schedules rather than moving to strike the amendment. *Bauer*, 298 B.R. at 356. The 8th Circuit Bankruptcy Appellate Panel (BAP) affirmed the bankruptcy court's finding that the debtors' amendment of their exemption schedule was based on bad faith because the first schedules severely undervalued the homestead property and evidence supported the contention that the debtors knew this fact. *Id.* at 357. Based on this finding, the BAP found that the bankruptcy court did not abuse its discretion by denying the debtors

their homestead exemption. *Id.* Likewise, in *Talmo,* the Bankruptcy Court for the Southern District of Florida, upon the trustee's objection to the amended exemption, struck the debtor's amendment to enlarge his homestead exemption from 30 acres to 148 acres based on the debtor's bad faith actions in trying to preempt litigation strategy by excluding the 118 acres from his original schedule. *Talmo,* 185 B.R. at 648–649.

In the present instance, the property which the Debtor is now claiming as their homestead was never scheduled as an asset in which they have a cognizable interest. In answer to question 14 on the Statement of Financial Affairs, the Debtors stated that they lived in their family's furnished home. To further fortify their attempt to conceal the property, they testified at the Meeting of Creditors that they were leasing the Punta Gorda Property from their sister-in-law, Michel Jordan, and paying $1,200.00 per month rent. The obvious falsity of this testimony is patent because Mrs. Jordan signed a contract to purchase the Punta Gorda Property. It is axiomatic that one cannot own a piece of real estate and lease it at the same time, unless there is a lease of the property with an option to purchase, which is not the case here.

Moreover, Mrs. Jordan signed the contract to purchase in the name of Michelyn Murphy Jordan but, lo and behold, took title to the Punta Gorda Property in the name of Michel Murphy Jordan rather than the name she used in her Bankruptcy Petition. In order to ice the cake, when she purchased the Punta Gorda Property, Mrs. Jordan used a different social security number from the social security number she used when she filed the Bankruptcy Petition. It is evident from the foregoing that Mrs. Jordan played footloose and fancy-free with the system. These actions certainly do not merit an imprimatur and recognition of a homestead claim on property which she consistently attempted to conceal from the Trustee and, in turn, from her creditors.

Based on the undisputed record, this Court is satisfied that the Trustee's Motion is well taken and should be granted.

Accordingly it is,

ORDERED, ADJUDGED AND DECREED that the Trustee's Second Amended Objection to Debtor's Exemption be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Debtors Lawrence R. Jordan and Michelyn Murphy Jordan, be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment be, and the same is hereby, granted. A separate final judgment will be entered in accordance with the foregoing.