Hatalowich *v.* Nagy et ux., Appellants.

Argued September 25, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Samuel J. Feigus*, with him *Thomas J. Kalman*, for appellants.

*Arthur J. Diskin*, for appellees.

OPINION BY GUNTHER, J., November 15, 1956:

This is an appeal from a decree of the Court of Common Pleas of Fayette County, sitting in equity, enjoining the erection of a barricade across a roadway traversing a portion of property in Perry Township, Fayette County, Pennsylvania.

On February 2, 1954, appellees filed their complaint in equity against Bertha M. Nagy seeking to enjoin her from barricading an alleged roadway 25 to 30 feet in length, the width of a car or truck, across a portion of her property which intervened between public highway Route 481, a Perry Township road, and the property of the appellees. The complaint averred that the said roadway had existed and had been marked

out and used for a period of more than fifty years by the appellees' predecessors in title and themselves, which use was open, notorious, continuous and adverse to her and her predecessors in title. The complaint also averred that the roadway and its use was necessary to the full and proper enjoyment of the property of the appellees. On March 12, 1954, Bertha N. Nagy filed her answer denying the averments of the complaint.

The first hearing in the case was held by the late Judge H. VANCE COTTOM on April 7, 1954. Judge COTTOM passed away on November 26, 1954, before the defendant had presented her testimony. On February 24, 1955, counsel for both parties stipulated that appellants were the lawful owners of the intervening premises, formerly owned by Bertha N. Nagy, and stipulated that Thomas A. Nagy and Phyllis Nagy, his wife, be substituted as defendants. A final hearing was held before Honorable SAMUEL D. BRAEMER on February 23, 1955, at which time defendants presented their testimony and plaintiffs presented their rebuttal testimony.

Thomas A. Nagy and Phyllis Nagy, his wife, are the owners of a tract of land situate in Perry Township, Fayette County, Pennsylvania, containing an area of 0.355 of an acre conveyed to them by deed of Bertha N. Nagy, dated June 23, 1949 and duly recorded in the recorder's office of Fayette County, Said tract of land is contiguous on the south and southeast portion thereof with land of the appellees for a distance of 53 feet along the southerly dividing line. Just inside of the appellants' land, and running along the southerly boundary line thereof, a roadway exists which runs from the southeasterly corner of appellees' property for a distance of approximately 30 feet to the

aforesaid Route 481. This road is approximately 15 feet wide. In December, 1953, the appellants blocked this road by erecting a barbed wire barricade and posts at Route 481, thus preventing the free and uninterrupted ingress and egress therefrom.

Six witnesses testified for the appellees. William Lynch, appellees' predecessor in title, testified in substance that the roadway had been in existence for 56 years and was used by him "any old way, by foot, team or driving a car" whenever the needs of his farm required it and hauled hay and coal across the roadway. Herman Greenstein testified that he was formerly in the flour and feed business from 1918 to 1943 and during this period he made deliveries to the Bussa farm through and across this roadway. John Valari testified that he lived in the area since 1915; that the road in question was stoned in 1915 or 1916 by the county and that he used the roadway a good many times and did not ask permission to use it. He testified that his use of the roadway varied from year to year. Barney Lomagno, a neighbor, testified that he used the roadway in question without permission but was unable to say how often he used it. Steve Erdeley stated that he lived in the neighborhood for 23 years and that he used the roadway by horse, tractor and pick-up truck. He stated he did not know how many times he used the road but he never asked permission to use the same.

Based upon this testimony and the testimony of one of the appellees, Amel Hatalowich, who testified concerning the width and length of said road, the chancellor filed a decree nisi on May 9, 1955, directing appellants to remove the barricade and enjoined them from barricading the road. On May 27, 1955, exceptions were filed to the finding of fact, conclusions of law and the decree nisi. On September 23, 1955, the

chancellor dismissed appellants' exceptions and entered a final decree, from which this appeal was taken.

The first complaint is directed at the chancellor's findings of fact. It is urged here that the findings of the chancellor should not be accepted by this court because he did not hear or see appellees' witnesses. He did, however, hear appellants' witnesses and the rebuttal witnesses of appellees. The obvious answer to this collateral attack is found in the action of appellants. They made no objection to this procedure but in fact consented thereto and offered evidence in their own behalf. Under such circumstances we are called upon only to determine whether such findings of fact are supported by adequate evidence. If the findings of fact are so supported, the burden is upon the appellant to show in what manner the court below erred in such findings. *Rutter v. Rutter,* 292 Pa. 343, 141 A. 146; *Gilbraith's Estate,* 270 Pa. 288, 113 A. 361; *Dörr v. Leippe et al.,* 286 Pa. 17, 132 A. 806.

The next complaint urged upon us is that the testimony does not support the chancellor's findings of fact. Upon reading the record submitted to us, we arrive at the conclusion that this complaint must be dismissed. The testimony amply shows that the use of the roadway in question has been in existence for a period of almost 56 years; the use was without permission and by numerous individuals during this period of time; the use has been continuous and uninterrupted up until December, 1953 when the appellants erected the barricade complained of, and the use was made freely whenever the neighboring public saw fit to do so.

Finally, it is urged that the chancellor enlarged the easement. Appellants argue that the chancellor found the width of the roadway to be approximately 15 feet

in width when in fact no one so testified. A mere reference to the testimony of the witness Hatalowich clearly discloses such assumption to be in error. A reference to the decree entered also discloses an absolute lack of basis for such complaint.

Decree affirmed.