Fec *v*. Mickail et ux., Appellants.

Argued March 18, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Larry P. Gaitens,* with him *Lucchino, Gaitens & Hough,* for appellants.

*John J. Dean,* with him *Dean & Dean,* for appellee.

OPINION BY MR. JUSTICE JONES, May 27, 1970:

On May 17, 1926, Anna Fec and her husband, Michael Fec, purchased premises known as 1521 Superior Avenue in Pittsburgh, Pennsylvania. The only means of access to the garage at the rear of their property was across the rear of the adjacent property, known at 1519 Superior Avenue. The Fecs proceeded to use this pathway to get to their garage, as their predecessors in title also had done. On July 23, 1945, Mr. and Mrs. Fec were contacted by an attorney for the owners of 1519 Superior Avenue, and directed to cease using the right of way. According to Mrs. Fec, they nevertheless continued to cross their neighbor's land because they had been told that, the path having been used for more than twenty-one years, they now had a prescriptive right to continue to use it. Michael Fec died on August 2, 1951, and Anna Fec is now sole owner of the property.

Leo G. Mickail, Sr., and Rose Mickail, his wife, purchased 1519 Superior Avenue on September 19, 1957. They erected a gateway across the path in question in April of 1959, and gave Anna Fec a key to the gate. However, the Mickails subsequently took the key back

from Mrs. Fec and erected a barricade, preventing her access to the garage.

In 1963 Mrs. Fec filed a complaint in equity, in the Court of Common Pleas of Allegheny County, asserting the foregoing facts and requesting appropriate equitable relief, to permit her once again to use the path across 1519 Superior Avenue to reach her garage. The trial chancellor, after hearing all the testimony, made the following finding of fact: "That the use of the [pathway across 1519 Superior Avenue] for the purposes of ingress, egress and regress to and from the property of the plaintiff by vehicle and foot has been continuous, open, visible, notorious, uninterrupted and hostile for a period of years in excess of thirty-two." Accordingly, the chancellor ruled that a prescriptive easement had been created, by adverse usage for more than twenty-one years, and enjoined the Mickails from interfering with the proper use of that easement. The decree was affirmed by the court en banc, and the Mickails have now appealed to this Court.

For one to acquire an easement by adverse use, the exercise of possession must be adverse, notorious and continuous for at least twenty-one years. Act of March 26, 1785, 2 Sm. L. 299, §2, 12 P.S. §72; *Wampler v. Shenk*, 404 Pa. 395, 172 A. 2d 313 (1961). The appellants admit that the pathway in question has been used continuously and notoriously for well over twenty-one years. However, they claim that such use was "permissive" rather than "adverse" up until July 23, 1945. Thus, it is argued, the adverse use was for only fourteen years, and no prescriptive right could, therefore, have been acquired.

The only support for the appellants' position is in the testimony of Anna Fec, who was seventy years old at the time of trial, that she and her husband had used the pathway because they had been told by their predecessors in title that they were "permitted" to do so.

To rebut this argument, it would suffice to point out that: (1) Mrs. Fec is not an attorney and certainly did not intend to speak of "permission" in the legal sense, and (2) the information as to "permission" was conveyed to them by the previous owners of their property, not by the owners of the servient land. Aside from these two points, however, Mrs. Fec *did* testify, on cross-examination, that they used the pathway because they felt they had a *right* to use it.

"Q. You relied on what Marsicos told you, and from what Marsicos told you you felt you had a right to use it, is that right? A. Yes. Q. Whoever owned it didn't interfere, is that right? A. No. Q. Until 1945. After 1945, did you continue using it when somebody told you you shouldn't? A. Because nobody tried to stop me, I figured I had the right. I was told after 21 years that I had a right to use the driveway, that nobody can bar the gate to the driveway after 21 years."

We find ample support in the record for the findings of the chancellor, as affirmed by the court en banc, and will not now disturb those findings. *Sterrett v. Sterrett*, 401 Pa. 583, 166 A. 2d 1 (1960).

Decree affirmed.