Lewkowicz et ux., Appellants, *v.* Blumish.

Argued October 6, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Jess S. Jiuliante, Jr.,* with him *James R. Waidley,* for appellants.

*Charles D. Agresti,* with him *Agresti and Agresti,* for appellees.

OPINION BY MR. JUSTICE POMEROY, March 18, 1971:

We are presented by this appeal with a not unfamiliar type of quarrel between neighbors as to their respective rights to the use of a driveway which runs between their homes and straddles the boundary line between their two adjacent properties. Plaintiffs-appellants, claiming either ownership of the entire driveway or a prescriptive easement over such portion of it as might be on land of defendants-appellees, brought a bill in equity to quiet title and to enjoin defendants from interfering with plaintiffs' ownership, use and occupancy, and from using the driveway themselves. By their answer appellees asserted that each party had acquired a prescriptive right over such portion of the driveway as was on the land of the other, and that appellees therefore had a right to use the driveway jointly with appellants.

The chancellor found, sustaining appellees' position, that each party had prescriptive rights, and also that each had interfered with the rights of the other.[1] He ordered the parties to cease and desist from such interference, and specifically to abstain from parking in the driveway except for limited periods necessary for the delivery of commodities to their respective premises. A preliminary injunction granted to appellants was dissolved and the injunction as prayed for in the complaint dismissed. Exceptions were heard by a court *en banc* and were dismissed.

---

[1] The court made no specific finding as to title or the location of the boundary line dividing the two properties, but the opinion of the trial judge indicates that the major portion of the driveway was owned by the appellants, and that 1½ feet of it was on the property of the appellees.

The issue to be decided is a narrow one, viz., whether the chancellor was correct in finding an easement to exist in favor of appellees over that portion of the driveway which lies on the land of appellants. It is ancient and unquestioned law that to acquire an easement by prescription, the exercise of possession must be adverse, open, notorious and uninterrupted for a period of at least twenty-one years. Act of March 26, 1785, 2 Sm. L. 299, §2, 12 P.S. §72; *Fee v. Mickail,* 438 Pa. 439, 265 A. 2d 800 (1970). The evidence in proof of such exercise of possession must be clear and positive. *P. & L. E. RR. Co. v. Stowe Township,* 374 Pa. 54, 59, 96 A. 2d 892 (1953); *Stevenson v. Williams,* 188 Pa. Superior Ct. 49, 53, 145 A. 2d 734 (1958). Appellant contends that the use by appellees and their predecessors in title was neither continuous for twenty-one years, nor adverse.

We are mindful of the weight to be given to the findings of a chancellor, affirmed by a court *en banc;* if supported by adequate evidence they will not be disturbed. *Fee v. Mickail, supra; Wampler v. Shenk,* 404 Pa. 395, 398, 172 A. 2d 313 (1961); *Sterrett v. Sterrett,* 401 Pa. 583, 166 A. 2d 1 (1960). In the case at bar, however, the chancellor made no specific findings of fact; he made merely conclusory findings, almost in the same language as his conclusions of law, that each party had "a prescriptive right to the use and enjoyment of the driveway", subject to the rights of the other party. There were no findings of the important underlying facts necessary to support these ultimate facts. We must therefore make an independent scrutiny of the record to determine whether such underlying facts were present.

The appellees, who acquired their property in 1966, only three months before suit was brought, supplied testimony of their use of the driveway subsequent to

that time. In order to establish adverse user during the balance of the twenty-one year prescriptive period, therefore, it was necessary to demonstrate the adverse conduct of their predecessors in title. *Overfield v. Christie,* 7 S. & R. 173 (1821); *Gerhart v. Hilsenbeck,* 164 Pa. Superior Ct. 85, 88, 63 A. 2d 124 (1949), quoting *Schrack v. Zubler,* 34 Pa. 38, 41 (1859). Appellees' witnesses were two sisters whose parents had owned appellants' property between 1937 and 1954, just prior to appellants' ownership, and who themselves had lived or visited there throughout that period. They gave testimony of adverse user by appellees' predecessors during the 17 years of their familiarity with the situation. We have searched the record in vain, however, for any testimony of such use prior to the year 1937 or, more importantly, for the years between 1954 and 1966. This failure of proof leaves us no alternative but to hold that appellees' defense also failed, and that the decision of the court below, while founded on principles of neighborliness, was not well founded in law.

In light of the conclusion we have reached it is not necessary to examine the appellants' other contention on appeal, viz., that the testimony on behalf of appellees' showed only sporadic and occasional adverse user, not the continuous user required to gain prescriptive rights.

The decree is vacated and the case remanded for the entry of an appropriate decree granting injunctive relief to appellants as prayed for in their complaint. Costs on appellees.

Mr. Justice COHEN took no part in the decision of this case.