**Lednak v. Swatsworth**

*Toni M. Cherry,* for plaintiff.
*Earle Di Lees,* for defendant.

REILLY, *P.J.,* August 9, 1984—Plaintiffs lease campsite 9-C-521 from the Commonwealth of Pennsylvania and have done so since March 10, 1973. Plaintiffs own the camp building and all other improvements located on said premises. Ownership of the camp building passed by sale between all successive owners from the time the camp was built in 1931 up to its present ownership in plaintiffs. Each successive owner of the camp leased the campsite from the Commonwealth during the period they owned the camp building.

A dirt roadway extending from Pa. Route 153 to the campsite, across the lands of defendant Majorie I. Conrad and bordering the lands of defendants Joseph O. Swatsworth and Marjorie J. Swatsworth, has been the sole means of ingress and egress to and from the campsite since the site was first leased in 1931. By letter dated March 11, 1983, defendant Joseph O. Swatsworth notified plaintiffs that as of June 15, 1983, they would no longer be permitted to use the road leading to the camp. A barrier was subsequently erected across the road to prevent its use.

Plaintiffs brought this action for injunctive relief on the grounds that they have a prescriptive easement over said roadway. Preliminary injunction was issued and hearing on the merits of the issue was held on February 17, 1984.

In Pennsylvania, an easement by prescription is created by adverse, open, continuous, notorious and uninterrupted use of land for a period of 21 years. Lewkowicz v. Blumish, 442 Pa. 369, 371, 275 A.2d 69, 70 (1971); Bodman v. Bodman, 456 Pa. 412,

414, 321 A.2d 910, 912 (1974). To acquire an easement by prescription the proof of such use must be clear and positive. Lewkowicz v. Blumish, Supra. In Garrett v. Jackson, 20 Pa. 331 (1853), Mr. Chief Justice Black said:

"But where one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be afterwards disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract inconsistent with a claim of right by the other party." Id. at 335. Necessity is not a requirement to the establishment of a prescriptive easement. Boyd v. Teeple, 460 Pa. 91, 94, 331 A.2d 433, 434 (1975). The evidence at hearing demonstrates the required exercise of possession. However, a narrow issue is presented as to whether plaintiffs may tack the periods of use by their predecessors in title to their own period in order to establish a continuous possession for the required period of 21 years.

Establishment of the prescriptive period does not necessitate the possession of the land continuously by only one person. A succession may be maintained by tacking the possessions of successive occupants to establish the prescriptive period if there is privity between the adverse possessors. Stark v. Lardin, 133 Pa. Super. 96, 100, 1 A.2d 784, 786 (1938), "Privity" denotes merely a succession of relationships to the same thing. The successive occupants must claim through their predecessors, and not independently, to make the holding continuous

for the required period. A mere series of independent trespasses, none of which continue for the limitation period, cannot ripen into a prescriptive right. Pittsburgh, Ft. Wayne & Chicago Ry. v. Peet, 152 Pa. 488, 493, 25 Atl. 612, 612 (1893). An adverse possession begun and continued for a time must be transferred to a successor in some lawful manner in order to be available to the successor. Gerhart v. Hilsenbeck, 164 Pa. Super. 85, 89, 63 A.2d 124, 126 (1949). However, an actual, express conveyance is not required to tack possessions for prescriptive easement purposes. Such a rule has never been applied to easements, which are appurtenances of the dominant tenement and require no deed or writing to support them. Predwitch v. Chrobak, 186 Pa. Super. 601, 603, 142 A.2d 388, 389 (1958). The case of Masters v. Local Union No. 472, United Mine Workers of America, 146 Pa. Super. 143, 22 A.2d 70 (1941), cited by defendants as requiring a specific transfer of the adverse interest to permit tacking, has been distinguished as applying to instances of adverse possession claims of fee title to land and not to easements. Predwitch, Supra. Privity exists between successive users if the latter succeeds to the interest of the prior user by sale or descent. Stark v. Lardin, 133 Pa. Super. 96, 103, 1 A.2d 784, 787 (1938). In the present case ownership of the camp passed by sale between each successive owner up to and including plaintiffs.

Both parties have recognized the general principle that adverse possession of a third person's land by a tenant inures to the benefit of the landlord. See Schwab v. Bickel, 11 Pa. Super. 312, 319, 124 Atl. 328 (1899). However, in this case plaintiffs are more than mere tenants who hold property at this location solely under a lease with the landlord.

Plaintiffs are owners of the camp building and other improvements which constitute a corporeal property for which the benefits of a prescriptive easement may be imposed. Privity existed between each successive adverse user of the roadway. The sale of the camp building by each owner to his successor provides this privity which enables plaintiffs to tack the periods of possession of their predecessors in order to establish the requisite 21 years for prescription.

The elements required for creation of a prescriptive easement have been met. An easement over defendants' land has been created for the benefit of the camp building through which plaintiffs, as owners of the camp building, may make reasonable use of the roadway in respect to the use of the camp.

This, of course, does not grant to plaintiffs the right to interfere with defendants' right to the quiet and peaceful enjoyment of their own property. Should plaintiffs use of the easement herein granted amount to such interference, this court will entertain a complaint to enjoin a nuisance.

Wherefore, the court enters the following

## DECREE NISI

Now, this August 9, 1984, following hearing into the above-captioned complaint in equity, it is the order of this court that judgment be and is hereby entered in favor of plaintiffs and against defendants and defendants be and are hereby enjoined from interfering with the rights of plaintiffs, their heirs, successors and assigns in and to the access road leading from Pa. Route 153 across the premises of defendants to the camp of plaintiffs. Said decree to become final unless exceptions are filed thereto within ten days from date hereof.