713 A.2d 70

**POA COMPANY, Appellant,**

v.

**The FINDLAY TOWNSHIP ZONING HEARING BOARD
and Township of Findlay, Appellees.**

Supreme Court of Pennsylvania.

Argued March 10, 1998.

Decided May 27, 1998.

Dwight D. Ferguson, William P. Bresnahan, Pittsburgh, for POA Co.

E.J. Strassburger, Susan A. Yohe, Pittsburgh, for Tp. of Findlay.

Mark J. Christman, Pittsburgh, for Findlay Zoning Hearing Bd.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

Appellant, POA Company, appeals a Commonwealth Court order reversing the order of the Court of Common Pleas of Allegheny County which reversed the Findlay Township Zoning Hearing Board's decision denying its application for a use variance. For the reasons that follow, we reverse.

Prior to the commencement of this action, Appellant owned a 5.5 acre parcel of land in the Township which abutted State Route 60 along its northerly border. Appellant was unable to access its property from Route 60. To the east, Appellant's property abuts a tract of land presently owned by Martin Media. This tract was formerly owned by Patrick Realty. To the south of Appellant's land and Martin's land, abutting both, is a tract of land owned by Park Ridge II Associates. Aten Road, a public roadway, runs generally in an east-west direction through a portion of Park Ridge's land and passes within 100 feet of the southerly border of Martin's land.

Located on Appellant's land until March of 1990, were various billboards. Appellant's land was zoned within a business park district [1] and the billboards were on the property as a prior nonconforming use. In March of 1990, the Department of Transportation condemned approximately 2.5 acres of Appellant's land that abutted Route 60 and upon which the aforementioned billboards were erected.

On September 27, 1990, Appellant filed an application with the Township's Zoning Hearing Board seeking a use variance

[1]. Under Section 117.315.5.7 of the Township's zoning ordinance, the permitted uses within the business park district are limited to the following: business or professional office, financial institution, laundry and dry cleaning establishment, light mechanical repair and public office.

to place billboards on its remaining tract of land.[2] In its request, Appellant alleged that the property was unusable for any other permitted purpose under the Township's ordinance.

Hearings before the Board began on November 19, 1990.[3] The Township appeared in the proceeding in opposition to the requested variance. In support of its application, Appellant presented the testimony of George Orcutt, its real estate manager. He testified that at the time Appellant acquired the subject property in 1952,[4] there were three billboards in the same portion of the property where Appellant's billboard's were located.

Orcutt testified that Appellant's parcel was landlocked and, accordingly, could not be developed. He stated, however, that Appellant did have a 20 foot wide easement across Martin's land in order to access its property to service the billboards.[5] The only testimony presented by the Township in opposition to Appellant's application was that of Sanford O. Gold, a real estate broker and developer. He testified as the Township's expert witness.

Gold testified that, based upon his inspection of Appellant's property, as well as his review of surveys, plans and the Township's zoning ordinance, in his opinion, Appellant's property was suitable for the development of an office building. On cross examination, Gold was questioned by Appellant's counsel regarding how the property could be accessed if it were developed for use as an office building. Gold testified that the easement across Martin's [6] property could be utilized to access the property. Further cross-examination revealed

2. The application was docketed at No. 90–09.

3. Seven hearings were scheduled on application No. 90–09; however, evidence was only presented at the hearings on November 19, 1990 and January 21, 1991.

4. The property was acquired in the name of Appellant's predecessor company, Pittsburgh Outdoor Advertising.

5. Appellant adduced an agreement between itself and Martin confirming that Appellant had a 20 foot wide easement along the southerly line of Martin's land.

6. Gold, in his testimony, referenced the easement across Patrick's property. Patrick was Martin's predecessor in interest.

that Gold based this opinion on his assumption that Martin's property had direct access to Aten Road. Therefore, he presumed that traffic accessing Appellant's property could travel from Aten Road, a public roadway, across the easement over Martin's property and onto Appellant's land. This assumption was erroneous, however, because Martin's land did not, in fact, have direct access to Aten Road.

At the hearing, Appellant's counsel explained that in order to access its property to service its billboards, Appellant would travel Aten Road, enter Park Ridge's land, cross over a prescriptive easement Appellant had over Park Ridge's property, then enter Martin's land and cross the 20 foot wide easement granted to it by Martin. Appellant's counsel, therefore, asserted that Gold's opinion that the parcel was suitable for development as an office building was in error since there was no access to the property that could service ingress and egress.

Appellant's application was voluntarily withdrawn, and later dismissed by the Board without prejudice, so that Appellant could produce evidence of the nature of its prescriptive easement across Park Ridge's property. On October 15, 1991, Park Ridge and Appellant entered into an agreement acknowledging that Appellant had acquired a prescriptive easement over Park Ridge's land. The relevant portion of this agreement states:

> Park Ridge, for itself, its successors and assigns, hereby *acknowledges* that POA, for itself, its predecessors, successors, lessors and assigns, has acquired an easement by prescription for the purpose of erecting, maintaining, repairing, removing, replacing and otherwise caring for its outdoor advertising devices.

(Easement by Prescription p. 2, Paragraph No. 2) (emphasis added).

Thereafter, on May 19, 1994, Appellant filed another application for a use variance with the Board.[7] Again, Appellant sought to place billboards on its property, alleging that the

7. This appeal was docketed at No. 94–02.

property could not be used for any other permitted purpose. In support of this application, Appellant again presented the testimony of George Orcutt.[8]

Orcutt testified regarding the frequency and manner of Appellant's access to its property. He stated that since 1952, when Appellant's predecessor in interest acquired the subject property, employees would access the property, on average, two or three times per month, either by foot or by vehicle, in order to service the billboards. He noted that in order to access the property, persons servicing the signs would travel Aten Road, enter Park Ridge's property, then travel across Martin's land. He stated that Appellant entered Park Ridge's property without oral or written permission and for the limited purpose of servicing its signs. Orcutt again testified that Appellant's parcel is landlocked as there is no access to the property for any purpose other than to maintain billboards. Appellant also presented the testimony of Russell Hoffman, one of its former posting supervisors, who confirmed Orcutt's testimony regarding the frequency and manner with which Appellant's employees accessed the property.

Finally, Appellant presented the expert testimony of Robert Gelman. He testified that Appellant's property is virtually useless because of its landlocked condition. Gelman noted that in his view the best use of the property would be for advertising purposes because of the limited access to Appellant's property via its prescriptive easement over Park Ridge's property. The Township did not present any testimony at the hearings on Appellant's current variance application and only Orcutt's testimony was subject to cross-examination.

The Board denied Appellant's variance application by decision dated October 17, 1994. On October 27, 1994 the Board filed its findings of fact and conclusions of law in support of its decision. The Board found that Appellant's property would be suitable for development as an office building, a permitted use under the Township's zoning ordinance,

8. The testimony from the hearings on Appellant's previous variance application, No. 90–09, was introduced into the record by stipulation of the parties.

but for the fact that the property does not have vehicular access. The Board concluded that any hardship Appellant suffered because of its limited access to the property was self-created since Appellant was, or should have been, aware of this obstacle at the time it became title owner of the property. Thus, as Section 910.2(a)(3) of the Municipalities Planning Code [9] provides that any alleged unnecessary hardship must not be created by a person seeking a variance, the Board denied Appellant's application.[10]

Appellant appealed to the common pleas court, which, by opinion and order dated August 21, 1995, reversed the Board's decision. The common pleas court, in reversing the Board, noted that because Appellant's property is not accessible, it cannot be developed for any permitted purpose under the Township's ordinance. The court observed that the only access available to Appellant is by way of easements over Martin's property and Park Ridge's property and that the limited scope of these easements cannot be expanded to accommodate the traffic that would be associated with an office building. Finally, the court criticized the Board's conclusion that Appellant's hardship was self-created, noting that Appellant should not be penalized for failing to obtain greater access at the time of purchase than it needed to support its legitimate billboard use.

The Township appealed the common pleas court's decision to the Commonwealth Court. The Commonwealth Court, by opinion and order dated June 20, 1996, reversed. The Commonwealth Court concluded that although Appellant's variance

9. Act of July 31, 1968, P.L. 805, Section 910.2 added by the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 10910.2(a)(3).

10. The standards governing the grant of a variance are well settled. The reasons for granting a variance must be substantial, serious and compelling. *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970). The party seeking the variance bears the burden of proving that unnecessary hardship will result if the variance is denied, and the proposed use will not be contrary to the public interest. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970). The hardship must be shown to be unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on an entire district. *Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 202 A.2d 61 (1964).

request was premised upon its assertion that it had no other viable use of its land under the zoning ordinance, the Township "presented sufficient credible evidence to establish that [Appellant's] land is suitable for the construction of an office building, a use that would be permitted under the ordinance." *POA Company v. Findlay Township Zoning Hearing Board,* 679 A.2d 1342, 1345 (Pa.Cmwlth.1996). The court further concluded that Appellant purposely limited access to its property by entering into the agreement with Park Ridge regarding the nature of Appellant's prescriptive easement. The court noted:

> The agreement limited POA's easement across the Park Ridge property to no more than three vehicles per month and solely for the purpose of maintaining POA's billboards. Prior to the execution of this agreement, however, there were no express limitations on POA's easement across the Park Ridge property, and therefore, there would have been no hardship that would have precluded POA from constructing an office building on its property. As such, by entering into an agreement that specifically limited the use of its easement across Park Ridge's property, POA intentionally created the hardship that it now claims prevents it from complying with the zoning ordinance; that self-inflicted hardship cannot now provide a basis for granting a variance. . . .

*Id.* at 1345–1346.

 Appellant asserts that the Commonwealth Court erred in concluding that there was sufficient credible evidence presented to the Board to establish that Appellant's land is suitable for the development of an office building and that any hardship asserted by Appellant was self-created. We agree with Appellant that these conclusions were erroneous and, accordingly, we hold that Appellant is entitled to the use variance sought in its May 19, 1994 application.[11]

11. Also before us is the Township's motion to dismiss Appellant's appeal to this Court for mootness. The Township argues that the appeal is moot because the Pennsylvania Department of Transportation denied Appellant's application for an outdoor advertising permit to

698

Initially, we note that where, as here, the common pleas court takes no additional evidence, our scope of review is limited to determining whether the zoning hearing board committed an error of law or manifestly abused its discretion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). An abuse of discretion occurs when the board's findings are not supported by substantial evidence in the record. *Id.* Substantial evidence is such relevant evidence that a reasonable mind would accept as adequate to support the conclusion reached. *Id.*

As noted previously, the only testimony presented by the Township in opposition to Appellant's application was that of Sanford O. Gold. Gold, testifying as the Township's expert witness, testified that in his opinion, Appellant's parcel is suitable for development as an office building. It is undisputed that Gold based this opinion on the erroneous assumption that Martin's parcel was accessible from Aten Road, a public roadway.

It is clear, then, that Gold's opinion in this regard cannot serve as sufficient credible evidence to support the finding that Appellant's land is suitable for the development of an office building. Accordingly, the Commonwealth Court's conclusion that the Township presented sufficient credible evidence before the Board to establish such a finding was erroneous. Even assuming that Gold's opinion in this regard were sufficient to demonstrate that an office building could be constructed on Appellant's property but for the fact that the

erect the billboard at issue here, and Appellant exhausted its appeals regarding this determination. See *POA v. Department of Transportation, allocatur denied*, 550 Pa. 674, 703 A.2d 468 (1997). As noted by Appellant, the Department denied the permit for two reasons, 1) because the proposed sign was within 500 feet of an interchange; and 2) because there was no local zoning approval to erect the billboard. On appeal, the trial court and the Commonwealth Court upheld the Department's decision since the record evidence demonstrated that the proposed billboard was within 500 feet of an interchange. The question of whether local zoning approval should have been granted is not moot, however, since Appellant is free to seek a permit for a sign location on its property that is not within 500 feet of an interchange once such a determination is made. Accordingly, the Township's motion to dismiss for mootness is denied.

property is not accessible,[12] as noted we do not agree that Appellant's hardship due to inaccessibility was self-created.

On this issue, the Board concluded that Appellant should have acquired greater access to its property at the time it purchased the property. The Commonwealth Court concluded that Appellant purposely limited access to its property by entering into the acknowledgement regarding its prescriptive easement over Park Ridge's property. Both of these conclusions are in error.

■ With regard to the Board's determination, as noted by the common pleas court, it would be unreasonable to expect a landowner to acquire greater access to its property at the time of purchase than is necessary for its permitted, legal use of the property. At the time Appellant purchased its parcel in 1952, billboards were a permitted use as the area was not yet subject to zoning. Appellant did not need access to its property for any other purpose than to service its billboards. The easements Appellant had over Martin's and Park Ridge's property were sufficient for this purpose. We do not view the lack of access to Appellant's property as being self-created given these circumstances.

■ As for the Commonwealth Court's conclusion that Appellant somehow limited its access rights over Park Ridge's property by entering into the agreement acknowledging the extent of its prescriptive easement, we point out that this document does not purport to convey access rights to Appellant. In fact, at the hearing before the Board on September 19, 1994, the Township's Solicitor conceded the following:

> I would point out to the Board ... this document is captioned, Easement by Prescription; *it doesn't grant an easement. It merely purports to acknowledge that such an easement exists.*

(N.T. September 19, 1994, 42) (emphasis added). Moreover, there is nothing in the record to support the Commonwealth Court's conclusion that the agreement "limited [Appellant's]

12. This is the precise finding of the Board.

easement across the Park Ridge property" because "there were no express limitations on [Appellant's] easement across the Park Ridge property." *POA Company,* 679 A.2d at 1345.

In its decision, the Commonwealth Court recognized that Appellant has an easement over Park Ridge's property. This easement arose either by grant or by prescription. It is undisputed on this record that Appellant's easement over Park Ridge's property did not arise by grant. Therefore, the easement can only be viewed as one arising by prescription.[13] Because an easement by prescription is created through adverse use, it is limited to the use made during the prescriptive period. *Donahue v. Punxsutawney Borough,* 298 Pa. 77, 82–83, 148 A. 41, 43 (1929).

Contrary to the Commonwealth Court's assertion that there were no express limitations on Appellant's easement over Park Ridge's land prior to entering the acknowledgment, Appellant presented uncontradicted testimony regarding the use made of this easement during the prescriptive period. Orcutt specifically testified that for a period in excess of twenty-one years, Appellant's employees would access the property, on average, two or three times per month, either by foot or by vehicle, in order to service billboards. He stated that during this period employees entered Park Ridge's property without oral or written permission to do so and for the limited purpose of servicing its signs. This is the extent to which Appellant was permitted to utilize the easement over Park Ridge's property. The parties' October 15, 1991 acknowledgment neither expanded nor limited Appellant's rights in this regard. Accordingly, we conclude that the Commonwealth Court erred in reaching a contrary conclusion.

Finally, given the foregoing analysis, we agree with Appellant that our decision in *Poster Advertising Company v. Zoning Board of Adjustment,* 408 Pa. 248, 182 A.2d 521 (1962), is relevant to our disposition. In *Poster,* the lot size of

13. An easement by prescription is created by adverse, open, continuous, notorious, and uninterrupted use of land for the prescriptive period—in Pennsylvania, twenty-one years. *Lewkowicz v. Blumish,* 442 Pa. 369, 371, 275 A.2d 69, 70 (1971).

a residential parcel was reduced in size by two-thirds through condemnation proceedings. Poster subsequently leased the remaining land and applied for a use variance to erect two outdoor advertising signs on the property. The land was zoned for residential use and Poster's variance request was denied based on the zoning board's finding that the property was suitable for residential use.[14]

In reversing the common pleas court's decision affirming the zoning board, we found that the size and dimension of the land, after the condemnation, prevented the construction and use of a residence. This Court pointed out that the property's size and dimension permitted a very limited number of productive uses, the most likely and practical one being outdoor advertising. Thus, we concluded that the Board erred in reaching a contrary conclusion, noting that "[t]his is a case wherein any productive use of the land will be denied altogether. It is a case of the existence of a substantial hardship peculiar to this particular land." *Poster*, 408 Pa. at 252, 182 A.2d at 524.

Similarly, here, the partial condemnation of Appellant's property has left Appellant with a landlocked parcel with very few productive uses. Moreover, the lack of access to Appellant's property renders it unsuitable for any of the uses contemplated by the Township's zoning ordinance and, as in *Poster*, the most likely and practical use of the property appears to be for outdoor advertising. Thus, we conclude that Appellant has suffered a substantial hardship because of the unique nature of its land and that the grant of a use variance is justified.

Accordingly, we reverse the Commonwealth Court's Order and reinstate the Order of the Court of Common Pleas of Allegheny County.

14. The zoning board made other findings which this Court addressed; however, none of these matters are relevant here.