**Dean G. TRICKER**

v.

**PENNSYLVANIA TURNPIKE COMMISSION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued July 16, 1998.
Decided Aug. 31, 1998.

Ann Marie Williams, Pittsburgh, for appellant.

Charles Y. Mansell, New Castle, for appellee.

Before COLINS, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The Pennsylvania Turnpike Commission (Turnpike Commission) appeals from the September 5, 1997 order of the Court of Common Pleas of Lawrence County (trial court) overruling its preliminary objections and convening a Board of Viewers to determine the damages owed to Dean G. Tricker (Property Owner) as a result of the Turnpike Commission's *de facto* taking of his right-of-way.

Property Owner owns a parcel (Property) of woodlands in New Beaver Borough, Lawrence County, which he purchased by deed from Arnold D. Stambaugh and Sara V. Stambaugh, his wife (the Stambaughs), who had previously purchased it from Norman F. Voorhees (Voorhees). Voorhees also owned an adjoining parcel to the north of the Property.[1] Voorhees acquired ownership of the northern parcel from C.W. Knox (Knox), but Knox never owned the southern parcel, the Property now owned by Property Owner.

In 1942, before the Court of Quarter Sessions of Lawrence County, Knox acquired an easement from Edward and Florence Noggle (Noggle) across the Noggle's property as a right-of-way.[2] Ownership of the Noggle property and its private right-of-way was subsequently transferred to Sara B. McCready (McCready). The following is a plot-plan of the various properties and the right-of-way:

Even though Property Owner had no express grant to use the right-of-way from the time he acquired his Property in 1962, he accessed it by way of the McCready right-of-way. Either Property Owner or his son used the McCready right-of-way at least one or two times per year from 1962 through 1988 and sometimes more often, to collect firewood and clear excess vegetation from the Property. Also between 1962 and 1988, Property Owner removed lumber for commercial use two or three times. Other than the right-of-way across the McCready property, Property Owner had no access to his Property from any public road.

In 1988 or 1989, the Turnpike Commission began construction of the Beaver Valley Expressway/Route 60 in New Beaver Borough, taking certain Borough properties in the process, including the right-of-way over the McCready property that Property Owner had been using, leaving him without access to his Property.[3] On May 30, 1991, Property

---

1. Voorhees conveyed the northern parcel to Norman R. and Susan J. Voorhees and the southern parcel to Property Owner.

2. Pursuant to Section 2731 of the Private Road Act, 36 P.S. § 2731, Act of June 13, 1836, P.L. 551, individuals who desired use of a private road at the expense of others could have applied by petition to the Court of Quarter Sessions of the County to be admitted to participate in the privilege of the road. Knox was not in Property Owner's chain of title and neither Property Owner nor any predecessor in interest to Property Owner was a party to the 1942 private road proceeding.

3. The right-of-way that formerly existed over the McCready property and was used by Property Owner to access his otherwise landlocked Prop-

Owner filed a petition for a Board of Viewers with the trial court, alleging that due to the construction and excavation by the Turnpike Commission in building the Beaver Valley Expressway, access to his Property consisting of the private right-of-way across the McCready property had been forever terminated. As a result, Property Owner alleged the Turnpike Commission had effected a *de facto* taking of his Property because he no longer had access to a public road and requested a Board of Viewers be appointed.

■ In response, the Turnpike Commission filed preliminary objections contending that because Property Owner had no ownership interest in the private right-of-way, any loss of access was non-compensable under both state and federal law. After an evidentiary hearing on the preliminary objections, the trial court determined that Property Owner did not have a prescriptive easement because, pursuant to what is commonly known as the "Unenclosed Woodlands Statute," 68 P.S. § 411,[4] "[n]o right of way shall be hereafter acquired by user, where such way passes through uninclosed [sic] woodland ..." The trial court went on to hold, however, that Property Owner did possess an easement by implication or by necessity because the right-of-way at issue was established in 1942, was explicit in the current chain of title of property owned by Norman R. and Susan J. Voorhees, and was in existence and use and in Voorhees' chain of title when Property Owner purchased the Property. Because there was no factual dispute that the taking of the right-of-way by the Turnpike Commission for the Beaver Valley

Expressway dissected the private road and terminated Property Owner's access to his Property, the trial court concluded that a *de facto* taking had occurred, overruled the Turnpike Commission's preliminary objections and granted Property Owner's petition for a Board of Viewers. The Turnpike Commission then filed this appeal.[5]

■ The Turnpike Commission contends that the trial court erred in determining that Property Owner was entitled to an easement by implication. An easement by implication may be acquired where the intent of the parties is clearly demonstrated by the terms of the grant, the surrounding property and other *res gestae* of the transaction. *Tomlinson v. Jones*, 384 Pa.Super. 176, 557 A.2d 1103, 1104 (1989). In Pennsylvania, to determine whether an easement by implication has been created, three essential elements must exist for the creation of an easement by implication upon the severance of the unity of ownership in an estate:

1. a separation of title;
2. prior to the separation of title, that the use which gave rise to the easement had been so long continued and so obvious or manifest as to show that it was meant to be permanent; and
3. the easement was necessary to the beneficial enjoyment of the land granted or retained.

*Mann–Hoff v. Boyer*, 413 Pa.Super. 1, 604 A.2d 703, *petition for allowance of appeal denied*, 531 Pa. 655, 613 A.2d 560 (1992), (*citing Burns Manufacturing v. Boehm*, 467 Pa. 307, 356 A.2d 763 (1976)).[6] Because, by

---

erty is currently part of a median strip of the Beaver Valley Expressway.

4. Act of April 25, 1850, P.L. 569, *repealed and reenacted and amended by* the Act of July 1, 1981, P.L. 198, 68 P.S. § 411.

5. Our scope of review of a decision of the trial court overruling preliminary objections is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Jordan v. Septa*, 708 A.2d 150 (Pa.Cmwlth. 1998).

6. In *Thomas v. Deliere*, 241 Pa.Super. 1, 359 A.2d 398 (1976), our Superior Court adopted what is commonly known as the "Restatement Test" to determine whether an easement by implication

has been established. Under the "Restatement Test", Section 476 of the Restatement of Property sets forth the following factors to be used in determining whether an easement by implication has been created:

(a) whether the claimant is the conveyor or the conveyee,
(b) the terms of the conveyance,
(c) the consideration given for it,
(d) whether the claim is made against a simultaneous conveyee,
(e) the extent of necessity of the easement to the claimant,
(f) whether reciprocal benefits result to the conveyor and the conveyee,
(g) the manner in which the land was used prior to its conveyance, and

definition, an easement by implication can only arise upon separation of title from a common owner and because Property Owner's Property and the McCready right-of-way were never owned by a common owner, neither an easement by implication nor necessity in favor of the Property Owner was ever created. As a result, the Turnpike Commission contends that Property Owner has no interest in the land that would subject it to condemnation and any attending compensation.[7] We agree.

■ The "unity of ownership" necessary to establish an easement by implication must include the property on which the right-of-way is located. Even though Norman F. Voorhees at one time owned two parcels of property and used the McCready right-of-way as access to that property, and then conveyed one parcel of property to Property Owner, Voorhees never owned the McCready property on which the right-of-way existed. Because there was not the requisite "unity of ownership" between the Property Owner's Property and the McCready property, and because the 1942 private road proceeding conferred no rights upon Property Owner, the trial court erred by holding that an easement by implication on Property Owner's behalf had been created.

■ For the same reason that Property Owner has no easement by implication, he has no easement by necessity. An easement by necessity is created when, after severance from an adjoining property, a piece of land is without access to a public highway. *Bodman*

v. *Bodman*, 456 Pa. 412, 321 A.2d 910 (1974). To establish that an "easement by necessity" has been created, a property owner must prove:

1. the titles to the property in question and the property over which the alleged easement exists had once been held by one person;

2. this unity of title had been severed by a conveyance of one of the tracts; and

3. the easement was necessary in order for the owner of the property in question to use his land, with the necessity existing both at the time of the severance and at the time of the exercise of the easement.

*Graff v. Scanlan*, 673 A.2d 1028 (Pa.Cmwlth. 1996). Just as is required for an easement by implication, an easement by necessity also requires that there be "unity of ownership" of both the property that must be accessed and the property over which the easement allegedly lies. Because there was not "unity of ownership", Property Owner has failed to set forth the elements required for an easement by necessity.

■ Even if it is not entitled to an easement by implication or necessity, Property Owner argues that he is entitled to an easement over the McCready property by prescription. An easement by prescription is created by adverse, open, continuous, notorious and uninterrupted use of land for the prescriptive period – in Pennsylvania, that period is for 21 years. *POA Company v. Findlay Township Zoning Hearing Board*

---

(h) the extent to which the manner of prior use was or might have been known to the parties.

The "Restatement Test" represents a more flexible balancing approach and the most important of the Restatement factors has been held to be the degree of necessity of the claimed easement to the use of the property owner's land. *Mann–Hoff v. Boyer, supra.* Necessity, under both the traditional test and the "Restatement Test," has been interpreted to mean no "absolute necessity" but only a requirement that the claimant easement be shown to be beneficial or convenient to the property being accessed by it. *Hann v. Saylor*, 386 Pa.Super. 248, 562 A.2d 891 (1989).

However, in *Bucciarelli v. DeLisa*, 547 Pa. 431, 691 A.2d 446 (1997), our Supreme Court stated that "[t]his court has never specifically adopted the Restatement of Property § 476 and we decline to do so now, for § 476 is merely a list of

frequently encountered considerations as to whether an easement by implication at severance of title was created. Courts may, nevertheless, find the section useful and persuasive in analyzing [cases where an easement by implication has been alleged.]" Because our Supreme Court has not adopted the "Restatement Test," we likewise decline to apply it here.

7. In *Northeast Outdoor Adver., Inc. Appeal,* 69 Pa.Cmwlth. 545, 452 A.2d 81 (1982), we stated that "[I]t is axiomatic, however, that in order to assert the rights of a condemnee, the party must be the owner of property interest taken." Section 201 of the Eminent Domain Code, 26 Pa. C.S. § 1–201(2). *Rednor & Kline, Inc. v. Department of Highways*, 413 Pa. 119, 196 A.2d 355 (1964). *See also Lutzko v. Mikris, Inc.*, 48 Pa. Cmwlth. 75, 410 A.2d 370 (1979).

*and the Township of Findlay,* 551 Pa. 689, 713 A.2d 70 n. 13 (1998), (*citing Lewkowicz v. Blumish,* 442 Pa. 369, 371, 275 A.2d 69, 70 (1971)). Even where the factors necessary to obtain a prescriptive easement have been established, it is well settled that the acquisition of a prescriptive easement through unenclosed woodlands is prohibited by 68 P.S. § 411. *Martin v. Sun Pipe Line Co.,* 542 Pa. 281, 666 A.2d 637 (1995); *Humberston v. Humbert,* 267 Pa.Super. 518, 407 A.2d 31 (1979).

■ Even assuming that Property Owner can establish the other factors necessary for him to acquire an easement by prescription (i.e., continuous, open, notorious and adverse use for the prescriptive period), the Turnpike Commission alleges that because Property Owner admitted that his Property consists of unenclosed woodlands, he is statutorily foreclosed from acquiring an easement by prescription because 68 P.S. § 411 prohibits an easement by prescription "through unenclosed [sic] woodlands." Although Property Owner admits that 68 P.S. § 411 prohibits an easement by prescription through unenclosed woodlands, he argues that it is not the nature of his Property that is determinative of whether 68 P.S. § 411 applies, but the nature of the easement itself that is controlling. Because the easement claimed consists of a right-of-way that does not transverse unenclosed woodlands, Property Owner argues that 68 P.S. § 411 is entirely inapplicable to him and the trial court erred by denying him a prescriptive easement on that basis.

■ While Property Owner correctly states that it is not the character of his Property but rather the character of the right-of-way that determines whether 68 P.S. § 411 applies, the trial court found that the right-of-way traversed both an open field as well as unenclosed woodlands. Where, as here, a part of the right-of-way extends through an open field, the Superior Court in *Trexler v. Lutz,* 180 Pa.Super. 24, 118 A.2d 210 (1955), (*citing Kurtz v. Hoke,* 172 Pa. 165, 33 A. 549 (1896)), held that even though the right-of-way ran through improved land as well as unenclosed woodlands, 68 P.S. § 411 nonetheless applied to preclude the property owner from claiming the right to any easement by prescription. Under *Trexler,* then, because part of the right-of-way goes through unenclosed woodlands, 68 P.S. § 411 forecloses Property Owner from claiming an easement by prescription.

■ Because Property Owner failed to sustain his burden of proving that he had an easement by prescription, necessity or implication,[8] there was no taking of his Property. Accordingly, the decision of the trial court overruling the Turnpike Commission's preliminary objections and appointing a Board of Viewers is reversed.

### ORDER

AND NOW, this 31st day of August, 1998, the September 5, 1997 order of the trial court overruling the Preliminary Objections of the Pennsylvania Turnpike Commission and appointing a Board of Viewers is reversed.

---

**8.** Property Owner's access over the McCready property was more akin to that of a license than an easement. A license is a personal and initially revocable privilege to perform an act or series of acts on the land of another. *Hennebont v. Kroger Company,* 221 Pa.Super. 65, 289 A.2d 229 (1972). A license becomes irrevocable where the licensee, in reliance upon it, treats his land in a way that he would not have in the absence of the license, i.e., by spending money for such changes as would prevent his being restored to his original position. *Pennsylvania Game Commission v. Bowman,* 81 Pa.Cmwlth. 381, 474 A.2d 383 (1984). Property Owner only used that right-of-way approximately once or twice per year to access the Property, to remove firewood, and at times plant trees and remove vegetation, and three times during his entire period of ownership to commercially log it. Because Property Owner never spent money in reliance on the license over the McCready property, he possessed no real property interest that could be subject to condemnation or taking by the Turnpike Commission.