## Gennimi v. Township of Stroud

C.P. of Monroe County, no. 6199 Civil 2009.

*Vance E. Meixsell,* for plaintiff.

*Todd Weitzman* and *Richard E. Deetz,* for Stroud Township.

*David J. Williamson,* for Zoning Hearing Board.

WALLACH MILLER, *J.,* March 30. 2010—On appeal is the revocation of a building permit to appellant, Joseph L. Gennimi by the zoning officer of Stroud Township and whether Gennimi had a "vested right" to the zoning permit.

The facts in this case are convoluted. In 2000, Gennimi purchased a tract of land (Property) located in Stroud Township. The land consists of two acres, and at the time of purchase had an unexpired septic permit for an above-ground septic system which was issued to the previous owners on April 23, 1998. On December 15, 2000, Gennimi was granted a zoning permit by Zoning Officer Ernest Staples for the construction of a 1,624 square foot single family dwelling which has been under construction for the past nine years. The 1998 septic permit expired on April 23, 2001. A second septic permit was issued for the property on December 13, 2004, for an above ground sand mound system. The original 1998 soil probes and test holes were used in issuing the 2004 septic permit. The second septic permit expired on December 13, 2007. After the second septic permit expired, Gennimi met with Stroud Township Septic Enforcement Officer, Helen Beers in December 2007. At that meeting Beers gave Gennimi a handwritten note which read:

"New appl and $175 to Stroud Township

"Old testing may be used

"Stake out absorption field

"Redesign to current reg's and enclose

"All tank & related spec's

"/s/ Helen Beers"

A second zoning permit was issued by Staples on March 26, 2008. Gennimi did not renew his septic permit prior to obtaining the March 26, 2008, zoning permit.

On November 14, 2008, Beers and John DeCusatis made a site visit in an attempt to locate the test holes for the septic permit issued in 1998. The test holes could not be located. On November 17, 2008, Gennimi filed a request for septic permit and a second site visit was made in order to conduct soil probes. It was determined that there were no suitable areas for an on-site septic system. A third site visit was conducted on December 12, 2008, in the presence of a Pennsylvania Department of Environmental Protection Regional Enforcement Officer. A determination was made that the subject property was not suitable for an on-lot system due to inadequate limiting zone, high water table and other limitations. Thereafter, on December 23, 2008, the zoning permit issued in March 2008, was revoked by the Township zoning officer because the septic system permit had expired and was not renewed. On January 5, 2009, a Township septic officer issued a formal denial of the septic permit application dated November 17, 2008. Gennimi filed an appeal to the Stroud Township Zoning Hearing Board regarding the revocation of the March 2008, zoning permit.

On June 5, 2009, the Stroud Township Zoning Hearing Board upheld the zoning officer's decision to revoke a building permit and determined that Gennimi was not

able to meet the standard for a vested right or variance by estoppel. Gennimi filed a timely appeal and a complete record of the proceedings, including transcripts of testimony, was filed by appellee, Zoning Hearing Board of Stroud Township (ZHB) with the Monroe County prothonotary. Following submission of briefs and oral argument, the appeal is ripe for disposition by the court.

When a zoning appeal is submitted on the existing record and no new evidence is presented, this court's scope of review "is limited to determining whether the governing body committed an error of law or abused its discretion." *Ruf v. Buckingham Township,* 765 A.2d 1166, 1168 n.2 (Pa. Commw. 2001). (citation omitted) The governing body abuses its discretion only when its decision is not supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983). (citation omitted) Furthermore, the court may not substitute its own judgment for that of the local agency, unless it is found that the board manifestly abused its discretion. *Nascone v. Ross Township Zoning Hearing Board,* 81 Pa. Commw. 482, 473 A.2d 1141 (1984). The court may only conclude that a zoning hearing board abused its discretion in those instances where the board's findings are not supported by substantial evidence on the record. *POA Company v. Findlay Township Zoning Hearing Board,* 551 Pa. 689, 713 A.2d 70 (1998). A finding of substantial evidence requires such relevant evidence so that a reasonable mind might accept as adequate to support a conclusion. *Id.* The board, as fact-finder is the ultimate judge of credibility

and resolves all conflicts of evidence." *In re Brickstone Realty Corp.,* 789 A.2d 333 (Pa. Commw. 2001). (citation omitted) Accordingly, we will not disturb the ZHB's credibility determinations.

The first issue before the court is whether the ZHB abused its discretion or committed an error of law in upholding the decision of the Stroud Township Zoning Officer. In deciding the case, the ZHB found that Gennimi failed to renew his septic permit prior to completing substantial improvements to his house located on the property and before the zoning permit was revoked. Pursuant to the Stroud Township Zoning Ordinance, section 11.120, it states that no zoning permit shall be issued unless the applicant has obtained a septic permit. At the ZHB's hearing on April 8, 2009, Staples testified that Gennimi had a zoning permit dated December 15, 2000. (NT dated April 8, 2009 at p.143.) Staples testified that a septic permit was issued by the Township on December 13, 2004, which was valid until December 13, 2007. (NT April 8, 2009 at p.150.) In December 2007, Gennimi spoke with Staples about renewing his zoning permit. (NT April 8, 2009 at p.150.) Staples advised Gennimi that "in order to get this going along, his septic permit was running out and he would need the septic permit. . . ." (NT April 8, 2009 at p.150.) Staples reissued the zoning permit to Gennimi on March 26, 2008, to complete construction of his house dwelling and expand on a shed already built on the property. (NT April 8, 2009 at p.155-56.) Staples reissued the zoning permit to Gennimi knowing that a septic permit had not been issued. (NT April 8, 2009 at p.159.) He acknowledged that he spoke to Beers about the septic permit in February 2008.

(NT April 8, 2009 at p.160.) Staples was under the belief that Gennimi was going to file an application for a septic permit directly after speaking with him. (NT April 8, 2009 at p.164.) Gennimi did not apply for a septic permit until November 17, 2008. On December 23, 2008, Staples revoked the zoning permit because the septic permit expired and was not renewed. We find that based upon this evidence Staples prematurely issued the zoning permit. After no septic permit was issued, Staples recognized that Gennimi was in violation of the Stroud Township Zoning Ordinance and he properly revoked the zoning permit. We find the ZHB did not abuse its discretion or commit an error of law in upholding the decision of the Stroud Township Zoning Officer.

The next issue before this court is whether Gennimi acquired a vested right to construct his house pursuant to the zoning permit which was issued by Staples on March 26, 2008.

The courts of this Commonwealth have recognized a five-prong test to determine vested rights cases. These factors are as follows:

"(1) [A person's] due diligence in attempting to comply with the law;

"(2) [A person's] good faith throughout the proceedings;

"(3) The expenditure . . . of substantial unrecoverable funds;

"(4) The expiration without appeal of the period during which an appeal could have been taken from the issuance of a permit; and

"(5) The insufficiency of the evidence to prove that individual property rights or public health, safety or welfare would be adversely affected by the use of the permit." *Highland Park Community Club of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh,* 509 Pa. 605, 612-13, 506 A.2d 887, 891 (1986).

Gennimi argues that the ZHB erred in failing to find that he did not acquire a vested right in the zoning permit.

Our Pennsylvania Supreme Court has held that an individual can be considered to lack both due diligence and good faith where it can be demonstrated that they either ignored or failed to comply with the rules promulgated by a local zoning board. *Id,* 509 Pa. at 613-15, 506 A.2d at 892-893. The record in this case clearly illustrates that Gennimi had to present a new application for septic permit. (NT May 6, 2009 at pp. 46-47.) Staples advised Gennimi that "in order to get this going along, his septic permit was running out and he would need the septic permit . . . ." (NT April 8, 2009 at p.150.) Gennimi failed to do this. The Stroud Township Zoning Ordinance, section 11.120, provides, in pertinent part, that no zoning permit shall be issued unless the applicant presents the zoning officer with proof that a sewage permit has been issued by the Township Sewage Enforcement Officer for the lot. Staples made Gennimi aware that he would need the septic permit, yet he failed to act for several months. After allowing several permits to expire, Gennimi failed to use due diligence to comply with the law. We are, therefore, constrained to find that Gennimi failed to act with due diligence and in good faith in failing to secure a septic permit for the property. Due to our determination

here, we will not discuss the remaining factors in determining whether Gennimi acquired a vested right in the zoning permit. We find that there is no validity to Gennimi's claim that he is entitled to a vested right to the zoning permit for the construction of his single family dwelling.

In light of the foregoing, we enter the following order.

## ORDER

And now March 30, 2010, the appeal of Joseph E. Gennimi from the decision of the Zoning Hearing Board of Stroud Township dated June 5, 2009, is denied.